IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOURDEAN LORAH,

    Plaintiff,

v.                                    Civ. No. 16-1019-LPS

GO CARE ABBEY MEDICAL FACILITY,

    Defendant.

---

Jordean Lorah, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

August 8, 2017
Wilmington, Delaware

{{signature}}

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Jordean Lorah ("Plaintiff") filed this action on November 2, 2016. (D.I. 2) She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) Plaintiff moves to include specific medical documentation as an admission (D.I. 5) and to amend the Complaint (D.I. 6). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II. BACKGROUND

On June 3, 2016, Plaintiff presented to Defendant Go Care Abbey Medical ("Go Care") with back and pelvic pain. She underwent medical testing, and the process included medical personnel asking her numerous questions to ascertain the cause of her condition. Apparently, Plaintiff was diagnosed with an infection. She alleges that she was not tested for an infection and was not provided treatment for the "false medical cause." Plaintiff underwent a medical procedure for a different medical condition on July 8, 2016.

She filed a complaint with a professional licensing entity and alleges that it was neglected. She also filed a complaint with the Department of Justice; the Human Relations Department was notified. Plaintiff alleges that a "more thorough records check is underway concerning Go Care," and she is "still waiting" for records. On November 2, 2016, Plaintiff spoke with Go Care's office manager, who requested that Plaintiff pay a fee for the remainder of her records.

While not clear, Plaintiff appears to allege "the widespread dissemination of false information" by Go Care. Plaintiff frames her allegations as: (1) a First Amendment violation for "freedom of speech prohibits defamation;" (2) a Fourteenth Amendment violation "suspect identify, regarding the Plaintiff's national origin or citizenship;" (3) a violation of 18 U.S.C. § 1035(2) for making a false representation of a material fact with knowledge that it was false, relating to the

1

infection with which Defendant diagnosed; (4) violation of 42 C.F.R. 482.24(c)'s "standard condition of participation medical information must support diagnosis;" and (5) violations of 8 U.S.C. § 1324c for document fraud in preparing a medical document that was falsely made and does not relate to Plaintiff. Plaintiff seeks penalties under 8 U.S.C. § 1324c for document fraud, ranging from $250 to $2,000 per page.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to

2

§ 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). While "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the

3

court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Criminal Statutes

Plaintiff seeks recovery under federal criminal statutes 18 U.S.C. § 1035(2) and 8 U.S.C. § 1324c. To the extent that Plaintiff seeks to impose criminal liability upon Defendant pursuant to the criminal statutes upon which she relies, she lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. Mar. 17, 2008); *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

In addition, these criminal statutes do not give rise to a private cause of action. *See Avdeef v. Rockline Indus., Inc.*, 2013 WL 12099295, at *2 (N.D. Tx. Apr. 4, 2013) (no private right of action under 18 U.S.C. § 1035); *Anders v. Purifoy*, 2016 WL 3102229, at *1 (W.D. Tenn. June 2, 2016) (18 U.S.C. § 1324c does not provide for private right of action); *Mecado v. Quantum Servicing Corp.*, 2015 WL 1969028, at *1 (E.D.N.Y. Apr. 29, 2015) (there is no private right of enforcement under § 1324c).

Therefore, the Court will dismiss the claims raised pursuant to federal criminal statutes as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Constitutional Claims

Plaintiff alleges that Defendant violated her rights under the First and Fourteenth Amendments to the United States Constitution. Conduct by a private actor generally does not give rise to a claim for violations of a plaintiff's federal constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). While a private individual may be liable under 42 U.S.C. § 1983, such liability requires that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). "The critical issue is whether the state, through its agents or laws, has established a formal procedure or working relationship that drapes private actors with the power of the state." *Cruz v. Donnelly*, 727 F.2d 79, 82 (3d Cir. 1984).

There are no claims that Defendant is a state actor. The constitutional violation claims are legally frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### C. 42 C.F.R. 482.24(c)

Plaintiff seems to allege violations of 42 C.F.R. 482.24(c). This federal regulation does not provide Plaintiff with a private right of action. Instead, it is a Medicare condition of participation regulation that provides medical record services guidance. *See Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, 2014 WL 2968251, at *7 n.5 (M.D. Fla. July 1, 2014). Plaintiff's claim is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### D. Supplemental Jurisdiction

To the extent Plaintiff attempts to raise claims under Delaware law, the Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot the motion to include specific medical documentation as an admission (D.I. 5) and the motion to amend the complaint (D.I. 6)[1]; (2) dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and (3) decline to exercise supplemental jurisdiction. The Court finds amendment futile.

An appropriate Order follows.

---

[1] Plaintiff's claims are frivolous. In addition, the proposed amendments are also frivolous. Where the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

6